IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ANTONIO RODREGIS DUFF,          *
#186 551
      Plaintiff,               *

      v.                        *        2:09-CV-523-ID
                                          (WO)
WARDEN DANIELS,                 *

      Defendant.                *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Antonio Duff, filed this *pro se* 42 U.S.C. § 1983 action on June 4, 2009

while incarcerated at the Draper Correctional Facility in Elmore, Alabama.[1]  He claims that

Defendant, Warden Leeposey Daniels,   failed to protect him from  inmate assaults on April

9, & 10, 2009 and May 18, 2009. As relief, Plaintiff requests placement in a single cell or

protective custody pending his transfer to an enemy-free facility.[2]

In accordance with the  orders of the court, Defendant filed an answer,  special report,

and supporting evidentiary material in response to the allegations contained in the complaint.

The court then informed Plaintiff that Defendant's special report  may, at any time, be treated

---

[1]During the pendency of this action Plaintiff was transferred to another correctional Facility.

[2]In his opposition, Plaintiff states a request for monetary damages. (*Doc. No. 18*.)   To the extent
said pleading may be  considered to contain a motion to amend the complaint to amend the relief sought, the
motion shall be granted.

as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff filed a response to the special report filed by Defendant. This case is now pending on Defendant's motion for summary judgment. Upon consideration of the motion, Plaintiff's opposition to the motion, and the supporting and opposing evidentiary materials, the court concludes that Defendant's motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[3] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine

---

[3]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word – genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id.* "'Shall' is also restored to express the direction to grant summary judgment." *Id.* Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

Defendant has met his evidentiary burden and demonstrated the absence of any genuine dispute of material fact.  Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.")  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

In civil actions filed by inmates, federal courts

must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted).   Consequently, to survive Defendant's properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted."   *Id*. at 249-250.   "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party.   *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."   *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).   Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment.   *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment....").

4

Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier

of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, 475 U.S. at 587.

## II. DISCUSSION

*A. Injunctive Relief*

Plaintiff is no longer incarcerated at the Draper Correctional Facility.  The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief.  *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).  As it is clear from the pleadings and records before the court that Plaintiff is no longer housed at Draper, his request for injunctive relief has been rendered moot.

*B.  Failure to Protect*

On April 9, 2009 Plaintiff states he was assaulted by several inmates three of whom he was able to identify.  Following this incident, correctional officials moved Plaintiff to another living area.  Despite being moved to another area of the prison, Plaintiff complains that several inmates assaulted him again on April 10, 2009.  Plaintiff identified two of his attackers.  Prison personnel then moved Plaintiff to administrative segregation pending enemy validation.  Plaintiff complains that he remains housed around three of the inmates who assaulted him and that several inmates who he was unable to identify are housed in general population.  As a result of the assaults, Plaintiff complains that he is not safe at the Draper Correctional Facility because inmates have now labeled him as a snitch and a

7

homosexual.[4]  (*Doc. No. 1*.)

Correctional officials may be held liable under the Constitution for acting with "deliberate indifference" to an inmate's safety when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety."  *Id.* at 834.  A constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, . . . and [that] the official does not respond[] reasonably to the risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001) (*en banc*), *quoting Farmer*, 511 U.S. at 844. "The known risk of injury must be a 'strong likelihood, rather than a mere possibility' before a guard's failure to act constitute deliberate indifference." *Brown  v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations omitted); *see also  Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997) (unless a prison official actually makes the  inference that a substantial risk of serious harm exists, he does not act with deliberate indifference even where his actions violate prison regulations or can be described as stupid or lazy).  An inmate "normally proves actual knowledge of impending harm by showing that he complained to prison officials about a

---

[4]In addition to indicating in the complaint that he was the victim of inmate assaults on April 9 & 10, 2009, Plaintiff also listed  May 18, 2009, as an incident date.  Plaintiff's complaint, however, fails to provide any facts or details of an assault which occurred on this date.

specific threat to his safety." *McGill v. Duckworth,* 944 F.2d 344, 349 (7th Cir. 1991); *overruled in part on other grounds by Farmer*, 511 U.S. 825. An "official's failure to alleviate a significant risk that he should have perceived but did not," does not constitute deliberate indifference. *Farmer,* 511 U.S. at 838.

Based on the foregoing, to survive summary judgment on his failure to protect claim, Plaintiff must present "sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale*, 50 F.3d at 1582.

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

The evidence filed in this mater refutes Plaintiff's allegation that Defendant Daniels acted with deliberate indifference to his safety.  According to Defendant's evidentiary material, shortly after midnight on April 10, 2009 Plaintiff informed Lieutenant James Steele that he had been jumped on by several inmates in A-Dorm who accused him of being homosexual. Plaintiff provided Lt. Steele  with the names of three inmates involved in the assault. Sergeant Tracey Smith escorted Plaintiff to the health care unit where he was treated for minor injuries from the assault. Plaintiff then returned to the Shift Commander's office

whereupon Lt. Steele directed the three inmates identified as being involved in the assault on Plaintiff to report to the shift office.  Lt. Steele questioned the three inmates about their involvement in the incident and then questioned several other inmates assigned to A-Dorm concerning the matter.  At 3:30 a.m. the three inmates who had admitted to being involved in the incident with Plaintiff were taken to the Staton Correctional Facility for a body chart. They reported no injuries and examination by medical personnel noted the absence of any injuries.  The inmates were returned to Draper at which time they, along with Plaintiff, signed a Living Agreement.  Correctional officials re-assigned Plaintiff from A-Dorm to F-Dorm while the other three inmates remained in A-Dorm. All four inmates received disciplinary notices for fighting without a weapon. (*Doc. No. 11, Exh.1 at pgs. 1, 8-14*.)

At approximately 12:15 p.m. on April 10, 2009, Plaintiff reported to Officer Terrance Myrick that he had just been assaulted by two inmates who then ran out of the dorm. Prior to his encounter with Plaintiff, Officer Myrick had observed two inmates hastily exiting F-Dorm.  The officer knew the identities of the two inmates. After escorting Plaintiff to the shift office to report the incident to Sergeant Demetrius Holstick, Officer Myrick located the two inmates he observed leaving F-Dorm in haste and returned with them to them to the shift office.  The inmates admitted to being in F-Dorm but denied assaulting Plaintiff.  Plaintiff, however, identified the two inmates as the ones who assaulted him.  All three inmates received body charts after which prison personnel placed Plaintiff in Draper's segregation unit pending enemy validation.  Plaintiff remained in the single cell until his transfer to the

10

Ventress Correctional Facility In September 2009.  (*Doc. No. 11, Exh. 1 at pg. 1, Doc. No. 13.*)

Here, the record is devoid of evidence that Defendant was aware of a specific or general risk of an inmate attack on either April 9 or 10, 2009.  The evidentiary materials submitted by Defendant refutes Plaintiff's conclusory allegation that he failed to protect him from  prisoner assaults.  Rather, the evidence before the court demonstrates that the attacks on Plaintiff  constituted  purely random and sudden acts that could not be anticipated or prevented by Defendant.  Plaintiff has produced no evidence that  Defendant Daniels, or any other correctional officer for that matter, had any knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to Plaintiff, that the Warden, or any other correctional official,  actually drew this inference, and, thereafter, ignored the known risk.  Rather, the undisputed evidence before the court reflects that Plaintiff was assaulted in the late evening hours of April 9, 2009. Following prison personnel's investigation into the incident, Plaintiff and the inmates identified as being involved in the assault signed a living agreement. Nonetheless, correctional officials moved Plaintiff to another living area.  After he was moved, Plaintiff was assaulted several hours later by inmates not housed in his newly assigned dormitory. The two inmates identified by Plaintiff as being involved in the second assault received disciplinaries for being in an unauthorized area. (*Doc. No. 11, Exh. 1 at pgs. 3-4; Doc. No. 18.*)

Plaintiff maintains that he voiced his concerns to Warden Daniels about not being

safe after the first assault occurred but claims Warden Daniels failed to take appropriate action.  He further asserts that two inmates involved in the first assault were also involved in the second assault.  Plaintiff has produced no evidence, however, that Defendant Daniels was aware of any specific threats to his safety or that any of the inmates, known or unknown, who assaulted Plaintiff posed a general or specific risk of harm to him other than Plaintiff's own conclusory allegations.  Such conclusory allegations cannot withstand a motion for summary judgment. *See Larken v. Perkins,* 22 Fed. Appx. 114, *1 (4th Cir. October 29, 2001) (noting that the district court properly found a party's "own, self-serving affidavit[s] containing conclusory assertions and unsubstantiated speculation" insufficient to stave off summary judgment). Under the circumstances, and without more, it cannot be concluded that any act or omission of Defendant Daniels or any other correctional official knowingly exposed  Plaintiff to a substantial risk of serious harm. Plaintiff has, therefore, failed to establish the requisite element of subjective awareness on the part of Defendant Daniels. *Carter*, 352 F.3d at 1350.  Since the record fails to demonstrate that the incident between Plaintiff and the inmates who assaulted him occurred due to any deliberate indifference or reckless disregard by Defendant Daniels, summary judgment is due to be granted in Defendant Daniel's favor  on Plaintiff's failure to protect claim. *See Celotex Corp.* 477 U.S. at 322.

*C.  Defamation*

Plaintiff contends that his character was defamed following the April 2009 inmate

assaults because after the incidents occurred he was labeled as a snitch and a homosexual. Plaintiff does not allege that it was Warden Daniels who attached any such labels to him. While the court recognizes that being labeled a "snitch" in the prison environment can pose a threat to an inmate's health and safety in violation of the Eighth Amendment, *see Comstock v. McCrary*, 273 F.3d 693, 699 n. 2 (6th Cir. 2001) (noting that prisoner labeled a snitch could become a target for other prisoners' attacks), Plaintiff's claim simply does not implicate Warden Daniels in this regard.  Further, it is clear that correctional officials took reasonable steps to protect Plaintiff's safety following the inmate assaults.  Accordingly, Defendant Daniels is due to be granted summary judgment on this claim.

## IV.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendant's motion for summary judgment (*Doc. No. 11*) be GRANTED;

2.  Judgment be ENTERED in favor of Defendant and against Plaintiff;

3.  This case be DISMISSED with prejudice; and

4.  Costs of the proceeding be TAXED against Plaintiff for which execution may issue.

It is

ORDERED that Plaintiff's October 13, 2009 pleading, to the extent it may be considered a motion to amend the complaint to amend the relief sought (*Doc. No. 18*), is GRANTED.

13

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before **June 9, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done this 26th day of May, 2011.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE